IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CERTUSBANK, N.A., as successor in interest to ATLANTIC SOUTHERN BANK,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN J. DUKES,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO. 5:14-CV-50 (MTT)<br>)<br>)<br>)<br>)<br>) |

## ORDER

Before the Court is the Plaintiff's motion for default judgment. (Doc. 9). For the following reasons, the motion is **GRANTED**.

### I.  FACTS

Mud Three, LLC ("Mud"), through its member Ronald K. Howell, executed and delivered to Atlantic Southern Bank a commercial loan agreement dated August 11, 2010. (Doc. 1, ¶ 9; Doc. 1-2). The same date, Mud also executed and delivered to Atlantic Southern Bank a promissory note and security agreement in the original principal amount of $1,252,393.93, and Defendant John J. Dukes was among those who executed a Guaranty on the loan. (Doc. 1, ¶¶ 11, 15; Doc. 1-3; Doc. 1-5). Under the Guaranty, Dukes absolutely and unconditionally guaranteed payment and performance of Mud's debt to Atlantic Southern Bank. (Doc. 1, ¶ 17; Doc. 1-5).

The note matured on August 11, 2011. (Doc. 1, ¶ 19; Doc. 1-3). Mud defaulted on the note by failing to make the necessary payments and failing to pay the amounts

outstanding on the maturity date. (Doc. 1, ¶¶ 20-21). On July 20, 2012, the Plaintiff sent notice of non-payment and demand for payment under the loan documents to Dukes via certified mail and regular first class mail. (Doc. 1, ¶ 22; Doc. 1-6). In the demand letter, the Plaintiff provided notice to Dukes pursuant to O.C.G.A. § 13-1-11 that it would enforce provisions of the note providing for payment of attorneys' fees if the amount due under the note was not paid within ten days. (Doc. 1, ¶ 24; Doc. 1-6). The Plaintiff is the current holder of the loan documents by virtue of purchase and assignment from the Federal Deposit Insurance Corporation as Receiver for Atlantic Southern Bank. (Doc. 1, ¶ 18).

The Plaintiff filed suit February 4, 2014, alleging claims for breach of the Guaranty and unjust enrichment and seeking attorney's fees and litigation costs. (Doc. 1). On February 26, 2014, Dukes was personally served at his residence with a summons and copy of the complaint. (Doc. 7). He has since failed to plead or otherwise defend against the suit. On April 25, 2014, the Clerk of the Court entered default against Dukes. The Plaintiff now moves the Court for default judgment. (Doc. 9). Dukes has not responded to the motion.

## II. DISCUSSION

Pursuant to Fed. R. Civ. P. 55(a), the Clerk must enter a party's default if that party's failure to plead or otherwise defend an action against it "is shown by affidavit or otherwise." After default has been entered, the Clerk may enter a default judgment on the plaintiff's request if the claim "is for a sum certain or a sum that can be made certain by computation," as long as the party is not a minor or incompetent and has not made an appearance. Fed. R. Civ. P. 55(b)(1). In all other cases, the plaintiff must apply to

the Court for a default judgment. Fed. R. Civ. P. 55(b)(2). The Court must hold an evidentiary hearing to determine damages unless all the essential evidence is already on the record. See *S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005); *see also* Fed. R. Civ. P. 55(b)(2).

After the Clerk's entry of default, the defendant is deemed to admit all well-pleaded factual allegations in the complaint. *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] An entry of default against the defendant does not establish the plaintiff is entitled to a default judgment, however. The defendant is not deemed to admit facts that are not well-pleaded or admit conclusions of law. *Id.* "The Court must consider whether the unchallenged facts constitute a legitimate cause of action, since the party in default does not admit a mere conclusion of law. In considering any default judgment, the Court must consider (1) jurisdiction,[2] (2) liability, and (3) damages." *Johnson v. Rammage*, 2007 WL 2276847, at *1 (M.D. Ga.) (citing *Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353 (S.D. Ga. 2004)). The defendant is not deemed to admit the plaintiff's allegations relating to the amount of damages. *Patray v. Nw. Publ'g, Inc.*, 931 F. Supp. 865, 869 (S.D. Ga. 1996); *see also Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003) ("A court has an obligation to assure that there is a legitimate basis for any damage award it enters … .").

---

[1] The Eleventh Circuit has adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[2] The complaint establishes the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 and that the Court has personal jurisdiction over the Defendant. (Doc. 1 at ¶¶ 1-8).

The Court finds that the factual allegations in the complaint and the attached loan documents, deemed admitted by Dukes, establish the Plaintiff has a right to recover the amounts due pursuant to the promissory notes and loan agreements for Duke's failure to pay the amounts owed under the note upon Mud's default.  No evidentiary hearing is necessary to determine damages because there is enough evidence on record.  The evidence shows that as of May 15, 2014, Dukes is liable for $1,036,821.57 in principal, accrued interest, and late charges and fees on the promissory note.  Dukes is further liable for additional interest accruing at a rate of $109.09 per day from May 15, 2014 through the day that judgment is entered in this case.  Additionally, the Plaintiff is entitled to post-judgment interest under 28 U.S.C. § 1961 and O.C.G.A. § 7-4-12.

Pursuant to O.C.G.A. § 13-1-11(a), "[o]bligations to pay attorney's fees upon any note or other evidence of indebtedness … shall be valid and enforceable and collectable as a part of such debt if such note or other evidence of indebtedness is collected by or through an attorney after maturity."  If the provision provides for attorneys' fees in the amount of a percentage of the principal and interest due, "such provision and obligation shall be valid and enforceable up to but not in excess of 15 percent of the principal and interest owing on said note or other evidence of indebtedness."  O.C.G.A. § 13-1-11(a)(1).  A party seeking to collect attorneys' fees allowed by this statute must give the debtor written notice after maturity, and the notice must state the debtor has ten days to pay the principal and interest due without being liable for attorneys' fees.  O.C.G.A. § 13-1-11(a)(3).  If all these requirements are met, the provision for attorneys' fees is enforceable.  *TermNet Merch. Servs., Inc. v. Phillips*, 277 Ga. 342, 344, 588 S.E.2d 745, 747 (2003).

The factual allegations in the complaint and attached demand letters show the above requirements have been met.  Therefore, pursuant to the terms of the loan agreements, Dukes is liable for attorneys' fees in the amount of $149,309.76, which is 15 percent of the principal and accrued interest due on the loans as of May 15, 2014. The Plaintiff is also entitled to attorney's fees as they accrue and continue to accrue under the terms of the loan agreement and note.

### III.  CONCLUSION

The Plaintiff's motion for default judgment (Doc. 9) is **GRANTED**.  Judgment shall be entered against Dukes in the amount of $1,186,131.33, plus additional interest and attorney's fees accruing after May 15, 2014 and the date judgment is entered.

**SO ORDERED**, this 2nd day of June, 2014.

>S/ Marc T. Treadwell
>MARC T. TREADWELL, JUDGE
>UNITED STATES DISTRICT COURT